**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**Columbus Division**

| | | |
|---|---|---|
| **OWNER-OPERATOR INDEPENDENT** | ) | |
| **DRIVERS ASSOCIATION, CARL HARP and** | ) | |
| **MICHAEL WIESE, as Representatives of the** | ) | **Case No. 05-CV-0056** |
| **Class and THE CERTIFIED CLASS OF** | ) | |
| **OWNER-OPERATORS, Case No. C2-97-750** | ) | **JUDGE ALGENON L. MARBLEY** |
| **United States District Court for the Southern** | ) | |
| **District of Ohio,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COMERICA  INCORPORATED** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT**

In accord with Rule 15(a), Fed. R. Civ. P., and with the acquiescence of Defendant,

Plaintiff hereby files this First Amended Complaint as a matter of course since no responsive

pleading has yet been served.

Owner-Operator Independent Drivers Association ("OOIDA"), Michael Wiese, Carl Harp

as class representatives,  and the class of owner-operators ("Class") certified by Judge Algenon

Marbley in *OOIDA, et al. v. Arctic Express, Inc. and D & A Associates, Ltd.,* Case No. C2-97-

750, United States District Court for the Southern District of Ohio ("Arctic Litigation") bring this

action against Comerica Incorporated ("Comerica"), seeking enforcement of a Judgment entered

1

by this Court in the Arctic Litigation and return of Class Members' maintenance escrow funds subject to statutory trust created for their benefit under federal law.

## JURISDICTION AND VENUE

1.      Jurisdiction of this matter is granted to this court by 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1337 (proceedings arising under an act of Congress regulating commerce).  This Court has supplemental jurisdiction over claims made under Ohio law pursuant to 28 U.S.C. §1367.

2.      Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b).  A significant portion of the actions giving rise to the claims occurred in this District.  Additionally, this Court entered the Judgment at issue in this litigation and has continuing jurisdiction over the Judgment.

## PARTIES

3.      Plaintiff and Class Representative OOIDA is a business association of persons and entities, commonly known as "owner-operators," who own and operate motor carrier equipment.  OOIDA is a not-for-profit corporation incorporated in the State of Missouri, with its headquarters located at 1 N.W. OOIDA Drive, Grain Valley, Missouri  64029.  OOIDA was founded in 1973 and now has 300 employees and over 123,000 members residing in all fifty states and in Canada.  OOIDA was found to be an adequate representative of the Class in the Arctic Litigation.

4.      Plaintiff and Class Representative Carl Harp ("Harp") is a resident of the State of Missouri. Harp is an independent truck owner-operator who has provided motor vehicle

2

equipment to Arctic under the terms of the Lease Agreement entered into between Harp and Arctic.  In addition, Harp was party to a Lease/Purchase Agreement with D&A under which Harp leased from D&A, with the option to purchase, the motor vehicle equipment that was the subject of the Lease Agreement between Harp and Arctic. Harp was found to be an adequate representative of the Class in the Arctic Litigation.

5.      Plaintiff and Class Representative Michael Wiese ("Wiese") is a resident of the State of Florida.   Wiese is an independent truck owner-operator who has provided motor vehicle equipment to Arctic under the terms of the Lease Agreement entered into between Wiese and Arctic.  In addition,  Wiese was party to a Lease/Purchase Agreement with D&A under which Wiese leased from D&A, with the option to purchase, the motor vehicle equipment that was the subject of the Lease Agreement between Wiese and Arctic.  Wiese was found to be an adequate representative of the Class in the Arctic Litigation.

6.      Plaintiff Class is defined in the Arctic Litigation by Order dated September 6, 2001 as:

> All independent truck owner-operators who have (1) entered agreements with Defendant D&A Associates, Ltd. which purport to lease, with the option to purchase, trucking equipment under the terms of D&A's equipment lease/purchase agreement, and (2) leased that equipment to Defendant Arctic Express, Inc. under the terms of Arctic's federally regulated motor carrier lease agreement.

7.      Defendant Comerica Incorporated is a Delaware corporation with its principle place of business at 500 Woodward Ave., Detroit, Michigan 48226.  At all times relevant to this Amended Complaint, Comerica was authorized to do business in Ohio.  Comerica Bank is a wholly owned subsidiary of Comerica Incorporated.

## THE ARCTIC LITIGATION

8.     The Arctic Litigation was filed on June 30, 1997.  Over the course of the Arctic Litigation, this Court entered findings of fact and conclusions of law relevant to the claims asserted in this Amended Complaint.

9.     By Order dated September 6, 2001, this Court certified the Arctic Litigation as a class action, and defined the Class as set forth in paragraph 6 of this Amended Complaint. *OOIDA v. Arctic Express,* 2001 U.S. Dist. LEXIS 24963.

10.     In March 2000, this Court denied summary judgment to Arctic and D&A and found

(a)     Arctic and D&A were affiliated companies, and the affiliation was sufficient to impute the agreements made by one company to the other. *OOIDA v. Arctic Express,* 87 F. Supp. 2d 820, 830 (S.D. Ohio 2000).

(b)     The $.09 per mile deducted from owner-operator compensation was collected for the purpose of maintaining the leased equipment and was an "escrow fund" as defined under the Truth-in-Leasing regulations, 49 C.F.R. §376.12(l), *Id.* and

(c)     The maintenance escrow funds deducted from owner-operator compensation were subject to the requirements of the federal leasing regulations, 49 C.F.R. §376, *et seq.*  *Id.* 830-31.

11.     In August 2001, this Court granted summary judgment to Plaintiffs in the Arctic Litigation and found:

(a)     Arctic and D&A's failure to return maintenance escrow funds to owner-operators whose Agreements did not run full term, constituted an early termination penalty, in violation of 49 C.F.R. §376.12(k).  *OOIDA v. Arctic Express, Inc.,* 159 F.Supp. 2d 1067, 1076 (S.D. Ohio 2001).

(b)     Maintenance escrow funds were collected for the sole purpose of repairing and maintaining the individual owner-operator's leased equipment prior to the driver's termination of his lease.  *Id.* at 1074-76.

(c)     Maintenance escrow funds were not available to be used for any obligation other than the repair and maintenance of the owner-operator's leased

4

equipment. *Id.* at 1075-76, 1078.

(d)     Only actual obligations incurred by the individual owner-operator can be charged against his escrow funds. *Id.* at 1079, 1080.

(e)     Arctic and D&A were required to provide an accounting to each owner-operator for all transactions involving his escrow funds. *Id.* at 1080.

(f)     Excess amounts remaining after termination were required to be returned to individual owner-operators within 45 days. *Id.* at 1079, 1080.

12.     In July, 2003 the District Court denied Defendants' Motion for Summary Judgment, finding that the Interstate Commerce Commission Termination Act of 1995 carried no impermissible retroactive effect. *OOIDA v. Arctic Express,* 270 F. Supp. 2d 990 (S.D. Ohio 2003); Motion for Reconsideration of the July 11, 2003 Order denied, *OOIDA v. Arctic Express,* 288 F. Supp. 2d 895, 900-01 (S.D. Ohio 2003).   As a result, the recovery period for the claims of the Class, extends from July 1, 1993 to the present.

13.     Judgement in the amount of $5,583,084 was entered on behalf of the Certified Class on July 16, 2004.  The Judgment consists of $4,070,190 in maintenance escrows and $1,512,894 in interest.

## THE LOAN AGREEMENTS

14.     Arctic Express, Inc. and Comerica Bank entered a Revolving Credit Loan Agreement dated May 3, 1993.  The May 1993 Agreement was amended from time to time during the period relevant to this Amended Complaint.  Arctic Express, Inc. and Comerica Bank entered another Loan Agreement dated April 29, 1998.  Collectively, these documents shall be referred to as the "Loan Agreements".

15.     Pursuant to the Loan Agreements, Arctic pledged as security for the loans, among

5

other assets, all amounts received in payment for shipping and hauling services from its customers.

16.     At all times while the Loan Agreements were in effect, Arctic maintained certain deposit accounts with Comerica Bank.

17.     At all times while the Loan Agreements were in effect, amounts received from its customers in payment for shipping and hauling services were deposited in an account maintained by Arctic with Comerica Bank either directly by the shipper or by Arctic after receipt of payment from the shipping customer.

18.     All amounts deposited in the accounts maintained by Arctic with Comerica Bank were transferred from the Arctic accounts to Comerica Bank to pay back amounts borrowed by Arctic from Comerica pursuant to the Loan Agreements.

19.     As Arctic's operating expenses came due, Arctic applied to Comerica to borrow amounts sufficient to cover its current obligations.

20.     Under their Lease Agreements, Class Members received payment in settlement on a weekly basis for providing equipment and services to Arctic.  Under the Lease Agreements, among other deductions, $.09 per mile was deducted from Class Members' compensation to be held in escrow accounts for the repair and maintenance of their trucking equipment.   The aggregate sum of this $.09 per mile deduction from compensation comprise the maintenance escrow funds awarded in the Judgment in the Arctic Litigation.

21.     With respect to its weekly obligations for compensation to Class Members, Arctic borrowed from Comerica only the net amount owed to Class Members  – gross compensation less deductions including the deduction of $.09 per mile for the maintenance escrow fund.

6

22.     By operation of the Loan Agreements, Comerica collected the $.09 per mile in maintenance escrows and, in sweeping Arctic's accounts, used the maintenance escrow funds to offset or repay amounts borrowed by Arctic under the Loan Agreements.

23.     At all times relevant to the claims in this Amended Complaint, Comerica Bank held, and continues to hold, Class Members' maintenance escrow funds.

## COUNT I

### Return of  Maintenance Escrow Funds Subject to Statutory Trust

24.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 23 above.

25.     The escrow provisions of the federal truth-in-leasing regulations, 49 C.F.R. §376.12(k), create a statutory trust under federal law for the benefit of Class Members over maintenance escrow funds.

26.     Under federal law, the statutory trust was created over the maintenance escrow funds at the time such amounts were deducted from Class Members' compensation.

27.      Arctic and D&A had no beneficial or equitable interest in amounts in maintenance escrow funds deducted from Class Members' compensation.  Maintenance escrow funds deducted from Class Members' compensation belonged to Class Members and were not available to offset or repay Arctic's debt to Comerica Bank.

28.     Under Ohio law, Comerica Bank had a duty to inquire as to the nature of the funds on deposit in Arctic's accounts.  Comerica Bank knew or should have known that Class Members' maintenance escrow funds were included with amounts on deposit in Arctic's accounts.

WHEREFORE, Plaintiffs are entitled to return of Class Members' maintenance escrow funds plus interest subject to statutory trust under federal law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

(a)     Enter judgment on behalf of Plaintiffs finding that amounts in maintenance escrow funds deducted from Class Members' compensation, plus interest,  are subject to a statutory trust created by the escrow provisions of the federal truth-in-leasing regulations, 49 C.F.R. §376.12(k);

(b)     Enter judgment against Comerica Incorporated ordering that payment be made to the Class to return the full amount in maintenance escrow funds plus interest in an amount equal to that awarded in Judgment entered in the Arctic Litigation.

(c)     Enter judgment ordering the creation of a common fund made up of all amounts in maintenance escrow funds plus interest returned by Comerica Incorporated to be administered by this Court pursuant to Orders from this Court governing distribution of funds to the Class entered in the Arctic Litigation.

(d)     Award Class Counsel reasonable attorneys' fees and expenses incurred in enforcing the Judgment entered in the Arctic Litigation.

(e)     Award such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Joyce E. Mayers
PAUL D. CULLEN, SR.
JOYCE E. MAYERS
MARY C. LOMBARDO
THE CULLEN LAW FIRM, PLLC
1101 30th Street, N.W., Suite 300
Washington, D.C. 20007
Telephone: (202) 944-8600
*Attorneys for Plaintiffs*


/s/ Paul B. Martins
JAMES B. HELMER, JR. (0002878)
PAUL B. MARTINS (0007623)
HELMER, MARTINS RICE & POPHAM CO., L.P.A.
Fourth & Walnut Centre, Suite 1900
Cincinnati, Ohio 45202-4008
Telephone: (513) 421-2400
*Trial Attorneys for Plaintiffs*


Dated: April 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing First Amended Complaint  was electronically filed on April 27, 2005.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/ Paul B. Martins