**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, CARL HARP and MICHAEL WISE, as Representatives of the Class and THE CERTIFIED CLASS OF OWNER-OPERATORS, Case No. C2-97-740 United States District Court for the Southern District of Ohio,** : : : : : : : : | |
| **Plaintiffs,** : : | |
| v. : : | Case No. 05 -CV-0056 |
| **COMERICA BANK,** : : : | **JUDGE ALGENON L. MARBLEY** Magistrate Judge King |
| **Defendant.** : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on the Motion in Limine brought by Plaintiff Owner-Operator Independent Drivers Association, Carl Harp, and Michael Weise ("Plaintiffs") to exclude the testimony of Defendant Comerica Bank's identified expert, Van E. Conway at trial. Having been fully briefed and argued, this opinion and order serves to memorialize the Court's rendered ruling on the record at the final pretrial conference.  For the reasons set forth at the final pretrial conference and memorialized herein, the Plaintiffs' Motion in Limine is **DENIED**.

**II. STANDARD OF REVIEW**

Motions in limine allow the Court to rule on the admissibility of evidence in advance of trial in order to expedite proceedings and give the parties advance notice of the evidence upon which they may not rely to prove their case. *See Jonasson v. Lutheran Child & Family Servs*., 115 F.3d. 436, 440 (7th Cir. 1997).  To prevail on a motion in limine, the moving party must

show that the evidence is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Courts are typically "reluctant to grant broad exclusions of evidence in limine because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Black v. Columbus Pub. Sch*., No. 2:96-CV-326, 2007 U.S. Dist. LEXIS 68672, at *2 (S.D. Ohio 2007); *accord Sperberg v. Goodyear Tire & Rubber Co*., 519 F. 2d. 708, 712 (6th Cir. 1975). If the Court does deny a motion in limine, however, the Court can reconsider the admissibility of the evidence as the proceedings give context to the pretrial objections. *Black*, 2007 U.S. Dist. LEXIS 68672, at *2.

### III. ANALYSIS

### 1. Mr. Conway's Testimony

Mr. Conway rendered his expert report on December 6, 2007, prior to the Court of Appeal's decision in this matter, and prior to this Court's order limiting the issues at trial to solely that of the Defendant's statute of limitations defense (Order, Doc. 84). In his expert report, Mr. Conway summarized his opinions as follows:

> (1) The explanation of the revolving loan process contained in Dr. Buser's report was inadequate.
>
> (2) Comerica followed standard industry practice in connection with the loans made to Arctic Express, Inc. ("Arctic").
>
> (3) Dr. Buser's suggestion that Comerica could have, and should have, 'properly credited' all appropriate parties with their respective shares of payment collections that were deposited with Comerica is impractical.

Expert Report Of Van Conway, p. 5 (Doc. 61-1).

Plaintiffs argue that Mr. Conway's testimony in the above areas should be excluded from trial because they are not relevant to the statute of limitations issue,[1] and therefore necessarily

---

[1] Mr. Conway was originally designated by Defendants as a rebuttal expert to Plaintiffs' expert Dr. Stephen A. Buser, who is no longer testifying.

will not "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Ev. § 702. Without a doubt, Plaintiffs are right that Mr. Conway's report was prepared primarily to rebut the opinions of Plaintiffs' expert Stephen Buser regarding substantive aspects of the lending arrangement between Comerica and Arctic, and the scope of Comerica's obligations therein. Conway Report, p.1. These disputes are no longer at issue for trial.

Nevertheless, Defendants argue that Mr. Conway's testimony is directly relevant to the statute of limitations defense, specifically pointing to Mr. Conway's opinion that "Comerica followed standard industry practice in connection with the loans made to Arctic Express, Inc." Defendants point out that one of the standard industry practices Mr. Conway mentions is Comerica's filing of "its own UCC Financing Statements, indicating its security in the Collateral, including accounts receivable" (Conway Report, p.4). They argue that testimony from Mr. Conway regarding Comerica's public filings will be relevant in determining whether Plaintiffs and/or their attorneys had reason to know of Comerica's lending arrangement with Arctic. Defendant's Opp., p.2.

### 2. Admission of Expert Testimony under FRE 702

Plaintiffs do not attack Mr. Conway's expert qualifications, nor do they allege that his opinions are not sufficiently technical in nature. Rather, Plaintiffs' argue that Mr. Conway's opinion regarding Comerica's standard industry practices is merely based off of the *fact* of the company's filing UCC Financing Statements. Conveying the facts regarding Comerica's UCC filings does not require "scientific, technical, or otherwise specialized knowledge," *id.*, and does not warrant an expert's testimony. Moreover, argue Plaintiffs, the facts of Comerica's filing its UCC Financing Statements will be provided by another of Defendants' witnesses, Mark Conen. Plaintiffs' Reply, p.3.

>Federal Rule of Evidence 702 states:
>
>If scientific, technical, or other specialized knowledge will assist the trier of fact to . . . determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Ev. § 702.

Thus, for expert testimony to be admitted under Rule 702, the movant must establish that the expert testimony is both reliable and would assist the trier of fact in understanding the evidence or determining a fact at issue in the case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-91 (1986).

**Relevance**

Plaintiffs first argue that none of Mr. Conway's testimony is relevant to the statute of limitations defense. However, from his report, it appears that Mr. Conway is going to opine that Comerica filed these UCC Financing Statements regularly, which is part of standard practice in the lending industry.

Although not contained in his "Summary of Opinions" section, Mr. Conway's report does state that he "can opine that Comerica did perform procedures to inquire about the Collateral which secured its loans with Arctic, including the receivables...Such procedures include, but are not limited to the following: ...4. Comerica also filed its own UCC Financing Statements indicating its security in the Collateral, including accounts receivable." (Conway Report, p. 4). While it was not necessarily Mr. Conway's or Defendants' original intent to use this area of his testimony for the statute of limitations defense now at issue, that does not preclude its potential for being relevant and admissible expert testimony, since it was included in his report.

Mr. Conway's opinion that filing these statements, which are presumably public, is part of standard industry practice could be relevant in determining such issues as whether Plaintiffs or their attorneys would have had reason to know of these UCC filings' existence, or if they would

have discovered them through reasonably diligence. *See Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010). Therefore, Mr. Conway's testimony regarding the UCC filings, though admittedly narrow, could be helpful to the trier of fact by making it more or less likely that Plaintiffs would have looked at such reports, for example, which could bear on the factual issues involved in the statute of limitations defense. Fed. R. Civ. Pro. § 401. At the very least, it would be premature to deem the entirety of the testimony as irrelevant at the pretrial stage. *Indiana Insurance*, 326 F. Supp.2d at 846.

## Specialized Knowledge

The Court now addresses Plaintiffs' second argument, which is that Mr. Conway's testimony regarding the UCC Financing Statements is not "specialized" and will do nothing further to "assist the trier of fact" that simply establishing of the filings will not accomplish. Fed. R. Ev. 702; *Daubert*, 509 U.S. at 595. The Court, however, finds this charge to be premature as well. Mr. Conway's expertise is in the area of financial accounting and consulting. It is perfectly reasonable that his expertise will allow him to provide context regarding his opinion that Comerica's filing of the UCC Financing Statements reflected standard industry practice. *See, e.g. SEC v Roszak,* 495 F.Supp.2d 875, 883 (N.D. Ill 2007).

In *Roszak*, an action in which Securities and Exchange Commission filed suit against defendants alleging violations of various securities laws, the motion of one defendant to strike the affidavit and expert report of one witness was denied where: (1) the witness's background and expertise were in area of financial economics; (2) the witness had significant experience and expertise in economics, insider trading, market behavior, valuation of stocks, and study of stock prices, as well as factors and events that influence stock market behavior and prices; and (3) the

witness's report gave much-needed context to defendant's explanations for his stock purchases, which presumed technical understanding of stock market and trading strategies.[2] *Id.*

Likewise, Mr. Conway's background of financial expertise both qualifies him to claim that the UCC Financing Statements are part of his basis for his larger opinion that Comerica followed standard industry practice, and helps him provide context for this opinion. It is true that the facts of Comerica's public filings do not constitute expert opinions, nor would they require expert testimony to convey. As these facts formed part of Mr. Conway's basis for his expert opinion that may be of relevance to the issues at trial, however, they are admissible as part of his expert testimony. The Supreme Court in *Daubert* "did not intend to establish a definitive set of standards under which district courts must analyze the proffered testimony of expert witnesses," *Nemir v. Mitsubishi Motor Sales of America, Inc.*, 6 Fed. Appx. 266, 270 (6th Cir. 2001), and the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony. *Id.;* (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999)).

Needless to say, Mr. Conway's testimony will be limited to areas relevant to the statute of limitations defense at trial. This restriction will undoubtedly eliminate much of the original areas of testimony contemplated in Mr. Conway's expert report. However, as Plaintiffs rightly argue, it would be improper to exclude his testimony wholesale, because at least for his testimony regarding the public UCC filings made by Comerica, the Court cannot deem them "clearly inadmissible" at this stage. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

---

[2] Like here, the party moving to exclude in *Roszak* argued "that the matters on which [expert] Davis offers opinions are easily understandable and do not require any expert testimony." *Roszak*, 495 F.Supp.2d at 883.

## V. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion in Limine to Exclude the Testimony of Defendant's Expert Van E. Conway at trial is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:   October 3, 2011**