**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT : <br> DRIVERS ASSOCIATION, CARL HARP : <br> and MICHAEL WISE, as Representatives : <br> of the Class and THE CERTIFIED CLASS : <br> OF OWNER-OPERATORS, Case No. : <br> C2-97-740 United States District Court : <br> for the Southern District of Ohio, : <br>   : <br> Plaintiffs, : <br>   : <br> v. : <br>   : <br> COMERICA BANK, : <br>   : <br> Defendant. : | Case No. 05 -CV-0056 <br><br> JUDGE ALGENON L. MARBLEY <br> Magistrate Judge King |

**OPINION AND ORDER**

This matter is before the Court regarding Defendants' stated intent to offer the videotaped deposition of counsel for Plaintiffs, Ms. Joyce Mayers, at trial despite Ms. Mayers's availability for live testimony.  On Friday, September 30, 2011, at the Final Pretrial Conference, the Court provisionally ruled that Defendants would be permitted to present the videotaped deposition. However, upon further review, under the Federal Rules of Civil Procedure, Defendants are not permitted to offer Ms. Mayers's deposition where she is available for live testimony.

Rule 32 states, in relevant part:

> An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. § 32(a)(3).

If the witness is not within one the categories of Rule 32(a)(3), however, the deposition can only be used at trial for impeachment purposes, Rule 32(a)(2), or if the witness is unavailable under Rule 32(a)(4).  Ms. Mayers will be present at trial, and Defendants seek to offer her deposition for all purposes, not just impeachment.  Therefore, the only way Defendants can be allowed to use Ms. Mayers's deposition at trial in lieu of her live testimony is if she fits into one of the categories under Rule 32(a)(3).

Under Rule 32(a)(3), Ms. Mayers must be either a party, the officer, director or managing agent of a party, or the party's Rule 30(b)(6) designee.  Ms. Mayers is not an officer or director of Plaintiffs.  As explained below, she is also neither a 30(b)(6) designee, nor a managing agent of Plaintiffs.

Defendants' "Notice of 30(b)(6) Deposition" called for the designation of a person most knowledgeable from "The Cullen Firm, as counsel for plaintiffs."  Mayers Deposition Exh. 7, p. 1.  Therefore, although Ms. Mayers acknowledged at her deposition that she understood herself to be "designated as plaintiffs' 30(b)(6) witness in this matter," Deposition of Joyce Mayers, p. 11, the Rule quite clearly states that only 30(b)(6) designees of *parties* may have their depositions offered for any reason by an adverse party at trial.  Ms. Mayers is outside counsel for parties, and was designated by The Cullen Law Firm pursuant to Defendants' deposition notice.  She was simply not designated by any of the Plaintiff companies or individuals as their person most knowledgeable.

The question then becomes whether Ms. Mayers is considered the Plaintiffs' "managing agent."  Fed. R. Civ. P. § 32(a)(3).  She is not.  In the Sixth Circuit, for Ms. Mayers to be a "managing agent" of a party, she must be: (i) generally, an employee, (ii) with significant discretionary autonomy in her role, (iii) whose interests are generally identified with those of the

party, and (iv) gives testimony on behalf of the party. *See Jones v. John Hancock Mut. Life Ins. Co.*, 416 F.2d 829, 833 (6th Cir. 1969).

Ms. Mayers in not an employee of the Plaintiffs. She is their retained outside trial counsel. While she does exercise significant discretion within that role, her interests are certainly not directly aligned with her clients. She may be a zealous advocate for her clients' interests, but she and her firm are not similarly subjected to any liability in this litigation. Her testimony in this matter will primarily pertain to what she and her associates knew in her role as outside counsel, and she cannot speak generally on behalf of Plaintiff entities or individuals beyond that limited scope. Ms. Mayers, therefore, is not a managing agent of Plaintiffs under Rule 32.

Therefore, since Ms. Mayers will not be unavailable for testimony, Defendants have no basis for presenting her videotaped deposition in lieu of her live testimony at trial. *See* Fed. R. Civ. P. § 32(a)(4).

For the reasons stated herein, Defendants are hereby prohibited from offering the videotaped deposition of Ms. Mayers at trial. Ms. Mayers's testimony must be elicited through live examination.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  October 3, 2011**