IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, CARL HARP and MICHAEL WISE, as Representatives of the Class and THE CERTIFIED CLASS OF OWNER-OPERATORS, Case No. C2-97-740 United States District Court for the Southern District of Ohio, | : : : : : : : : |
| Plaintiffs, | : : |
| v. | : Case No. 05 -CV-0056 : |
| COMERICA BANK, | : JUDGE ALGENON L. MARBLEY : Magistrate Judge King |
| Defendant. | : : |

### ORDER

Pursuant to this Court's October 5, 2011, Order, Plaintiffs have submitted documents to the Court requesting *in camera* inspection. Having completed its review of the materials, the Court has determined the following:

1. The Court finds the following documents, to be privileged, and should not be produced:

    a.    (1) <u>Biannual Litigation Reports by the Cullen Law Firm to the OOIDA Board of Directors from 2002-2011</u>: All documents in this set are privileged.

    b.    (2) <u>An email from counsel to OOIDA dated Aug. 17, 1998 regarding plaintiffs' appellate strategy in the *Arctic* and *Prime* appeals</u>: All documents are privileged.

    c.    (3) <u>Two (2) fax communications from OOIDA's counsel to OOIDA regarding correspondence from Arctic's counsel</u>: All documents are privileged.

    d.    (4) <u>Four (4) written communications between attorneys with the Cullen Firm and OOIDA regarding the *Arctic* Court's grant of class certification</u>: Documents 3 and 4 (pp. 4-7) are privileged.  Produce documents 1 and 2 (pp. 1-3).

    e.    (5) <u>Communications between OOIDA and its cunsel regarding settlement of the Arctic and Comerica cases</u>: Privileged, except for the letters between Arctic counsel and lawyers from The Cullen Law Firm within documents 3, 4, 5, and 6 of this set.  Produce the letters between opposing counsel discussing settlement (but redact any headings of faxes sent between lawyer and client).

    f.    (6) <u>Three (3) legal memoranda from OOIDA's counsel to OOIDA regarding bankruptcy matters</u>: All documents are privileged.

    g.    (7) <u>Communications between OOIDA and its counsel regarding the identity of Arctic class members and the distributions of *Arctic* settlement checks to class members</u>: All documents in this set are privileged.

    h.    (8) <u>Communications between OOIDA and its counsel regarding contempt proceedings against defendants in the *Arctic* case</u>: Pages 1-6; 2-22; and 24-26 are privileged.  Produce the remainder, subject to redactions listed below.

    i.    (9) <u>Six (6) e-mail communications from OOIDA's counsel to OOIDA regarding (a) the Court's denial of Comerica's motion to dismiss; (b) Plaintiffs' Reply Brief in Support of Summary Judgment; © the Court's grant of summary judgment to Comerica; and (d) the Sixth Circuit's ruling</u>: Pages 1-9 are privileged.  Produce the remainder.

    j.    (10) <u>Communications between OOIDA and its counsel responsive to Comerica's October 7, 2011, Request for Production propounded upon OOIDA</u>: All documents are privileged.

2.  The court finds portions of the following documents to be privileged.  Plaintiffs are directed to redact the following portions, and then produce the documents forthwith:

    a.    (8) <u>Communications between OOIDA and its counsel regarding contempt proceedings against defendants in the *Arctic* case</u>:

        i.    p. 16, redact the top portion (email between J. Mayers and Jim Johnston; Karen England, and Tammy Hodges).  Produce the remainder.

        ii.    p. 23, redact the top portion (email between J. Mayers and Coral Beach). Produce the remainder.

3.  All other remaining documents shall be produced in full forthwith.

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

The parties shall address questions about this order to the Court's Law Clerk, Robert Haferd, at 614-719-3262, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  October 19, 2011**